United States District Court
Southern District of Texas
**ENTERED**
December 09, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSEPHINE LUBBECK, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-231 |
| | § | |
| REVERSE MORTGAGE SOLUTIONS, INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Plaintiffs Josephine Lubbeck and Henry Lubbeck, Jr. bring this action against Defendant Reverse Mortgage Services for breach of contract related to a reverse mortgage. (Orig. Pet. & TRO App., Doc. 1-2, 11) The Lubbecks allege that Defendant Reverse Mortgage Services failed to apply credit for loan payments and refused to provide an accounting. (*Id.*)

RMS removed the matter to federal court and asserted a counterclaim for attorneys' fees based on the Deed of Trust and as sanctions under the Texas Rules of Civil Procedure for a frivolous filing. It now moves for dismissal of the action or, alternatively, for summary judgment. (Motion, Doc. 12) The Lubbecks acknowledge that the matter should be dismissed, but contest the award of attorneys' fees to RMS. (Response, Doc. 16, 4)

Based on the record and the applicable law, the Court agrees that the Lubbecks's lawsuit is subject to dismissal, and concludes that RMS prevails on it counterclaim to recover its reasonable attorneys' fees under the Deed of Trust.

### I. Summary Judgment Facts

In 2008, Josephine Lubbeck and Henry Lubbeck executed an Adjustable Rate Note and Deed of Trust on their home at 107 Buchanan Avenue, Port Isabel, Texas 78578 ("the Property"), granting a lien to Financial Freedom Senior Funding Corporation. (Note, Doc. 12-1, 1, 6) The Deed of Trust was assigned three times over ten years, and the last assignment was to NexBank. (Assignment, Doc. 12-3, 2; Assignment, Doc. 12-4, 1; Assignment, Doc. 12-5, 1) RMS services

the loan on NexBank's behalf.  (Notice of Default, Doc. 12-9, 1)

In 2016, Henry Lubbeck died, and his interest in the Property passed to Henry Lubbeck, Jr.  (Order Probating Will, Doc. 12-6, 1; Will, Doc. 12-7, 2)

The Deed of Trust allows RMS to require immediate full payment if the borrowers cease living at the Property for twelve consecutive months without consent by the lender.  (Deed of Trust, Doc. 12-2, § 9(b)(i))   The Lubbecks admit that the last living borrower, Josephine Lubbeck, failed to occupy the property for twelve consecutive months without consent by the lender.  (Disc. Resp., Doc. 12-15, 4—5)   As a result, in June 2018, the U.S. Department of Housing and Urban Development granted RMS approval to call the loan due.  (HUD Approval, Doc. 12-8, 1)  A few days later, RMS notified Josephine Lubbeck.  (Notice of Default, Doc. 12-9, 1)

In late 2018, NexBank applied to foreclose on the property, and the Cameron County District Court granted permission.  (Order Allowing Foreclosure, Doc. 12-10, 1)  In September 2019, NexBank posted notice of the foreclosure, scheduled for December 3, and served notice on the Lubbecks.  (Notice of Foreclosure, Doc. 12-11, 1; Proof of Mailing, Doc. 12-12, 1—16)

The day before the scheduled foreclosure, at 5:56 p.m., the Lubbecks filed suit in a Texas state court for breach of contract and applied for a Temporary Restraining Order to enjoin the foreclosure.  (Application for TRO, Doc. 1-2, 7)  The state court issued the TRO the following morning—i.e., the date of the foreclosure.  (TRO, Doc. 12-13, 1—2)  The Lubbecks, however, did not serve RMS, NexBank, or others with the issued TRO that day, and the foreclosure proceeded as planned.  (Motion, Doc. 12, 6; Substitute Trustee's Deed, Doc. 12-14, 1)

RMS then removed this matter to this Court based on diversity jurisdiction.  (Notice of Removal, Doc. 1, 2) RMS asserted a counterclaim against the Lubbecks, seeking recovery of its reasonable attorneys' fees under the Deed of Trust and as sanctions for a frivolous lawsuit. (Answer and Counterclaim, Doc. 1-2, 26—27)  RMS now moves to dismiss the Lubbecks's claim under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment.

(Motion, Doc. 12, 6—7)  As to the latter, although the Motion does not make it expressly clear, the Court concludes that RMS is seeking summary judgment as against the Lubbecks's breach of contract claim, as well as to RMS's counterclaim for attorneys' fees.  The Court views the competent summary-judgment evidence in the light most favorable to the Lubbecks.  *See* FED. R. CIV. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. Analysis

### A. Standard

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, shows that no genuine dispute of material fact exists, and that the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *Matsushita,* 475 U.S. at 587.  A genuine dispute over material facts exists if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party," and the fact at issue might affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248, 250 (1986).  The moving party "bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact."  *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322—25 (1986)).  All facts and inferences drawn from those facts must be viewed in the light most favorable to the nonmovant.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).

If this evidence is provided, the burden then shifts to the responding party to present affirmative evidence to defeat the motion.  *Anderson,* 477 U.S. at 257.  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  *Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998).  "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

### B. Breach of Contract Claim[1]

RMS moves for summary judgment as to the Lubbecks's sole cause of action for breach of contract.

Under Texas law, the "essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.,* 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001)).  RMS argues that it is entitled to judgment as a matter of law because the summary-judgment evidence conclusively establishes that the Lubbecks defaulted on the contract, while RMS never breached the contract.  (Motion, Doc. 12, ¶ 27)

The Lubbecks do not contest that they defaulted under the Deed of Trust.  (*See* Response, Doc. 16)  In fact, during discovery, in response to Requests for Admissions under Federal Rule of Civil Procedure 36, the Lubbecks admitted to several key statements, including:

> Request for Admission No. 4: Admit that you have not occupied the Property as your primary residence since January 2017.
> **Response: Admit.**
>
> Request for Admission No. 11: Admit that your failure to occupy the Property for longer than 12 consecutive months without the prior written approval of the Lender is an event of default under Section 7(b)(i) of the Note.
> **Response: Admit.**
>
> Request for Admission No. 21: Admit that you defaulted under the terms of the Deed of Trust.
> **Response: Admit.**

(Disc. Resp., Doc. 12-15, 3—7)  A party's admission under Rule 36 renders the fact "conclusively

---

[1] RMS initially contends that Henry Lubbeck, Jr. lacks standing to sue under the Deed of Trust.  The authority on which RMS relies, however, demonstrates that "[m]odern cases have expanded the class of parties with standing to dispute the validity of the foreclosure sale by adopting a more liberal attitude toward this privity requirement."  *Kiper v. BAC Home Loans* Servicing, 884 F. Supp. 2d 561, 576 (S.D. Tex. 2012) (quoting *Long v. NCNB–Texas Nat. Bank*, 882 S.W.2d 861, 867 (Tex. App.—Corpus Christi 1994), *aff'd*, 534 Fed. Appx. 266 (5th Cir. 2013).  Any party that "at the time of foreclosure . . . [has an] ownership interest in the property affected by the foreclosure" may bring suit.  *Id.* at 576 (internal quotations omitted).  As Henry Lubbeck, Jr. alleges an ownership interest in the property affected by the foreclosure, his claim should not be dismissed for lack of standing.

established".  FED. R. CIV. P. 36(b).

The summary-judgment evidence also establishes as a matter of law that RMS did not breach the contract.  The Lubbecks's breach of contract claim alleges that they "have made payments . . . for which they have not received proper credit" and that RMS has failed "to give proper accounting".  (Orig. Pet., Doc. 1-2, 11)  This lawsuit, however, concerns a reverse mortgage.  As a result, the Lubbecks would not remit payments to any lender, and no such payments would be subject to an accounting.  *See Reverse Mortgages*, Federal Trade Commission (June 2015), https://www.consumer.ftc.gov/articles/0192-reverse-mortgages (explaining that a reverse mortgage involves the lender paying the borrower).  Based on the nature of the contract, it would be impossible for RMS to have breached the contract in the manner alleged.

In addition, in analogous circumstances, federal courts have precluded a borrower who defaulted on a loan from pursuing a breach-of-a-contract claim against the lender.  *See, e.g.*, *Hill v. Wells Fargo Bank, N.A.*, No. V-12-11, 2012 WL 2065377, at *5 (S.D. Tex. June 6, 2012) ("Because [the plaintiff] admits that she failed to perform her own obligations under the Note and Deed of Trust, she is precluded from bringing a breach of contract action for [defendant's] subsequent alleged failure to comply with HUD regulations prior to accelerating the Note."); *Mitchell v. Chase Home Fin. LLC*, No. 3:06-CV-2099-K, 2008 WL 623395, at *4 (N.D. Tex. Mar. 4, 2008) ("Plaintiffs admit that they were in default on their loan, and they have also failed to dispute Defendants' evidence of their delinquency. This claim must be summarily dismissed."). In the present matter, the Lubbecks admit that they breached the Deed of Trust.

As the summary-judgment evidence conclusively demonstrates that only the Lubbecks, and not RMS, breached the relevant contract, the cause of action fails as a matter of law.

### C.  Counterclaim for Attorneys' Fees

RMS also moves for summary judgment on its counterclaim for attorneys' fees, based both on the Deed of Trust and under the Texas Rules of Civil Procedure.

As to the Deed of Trust, RMS argues that the contract allows it to collect reasonable attorneys' fees defending this lawsuit, and that it is entitled to reimbursement of $14,332.16. The Court agrees.

Section 9(b)(i) of the Deed of Trust states that the lender "may require immediate payment in full of all sums secured by this Security Instrument, upon approval of the Secretary" if "[a]ll Borrowers cease occupying the Property for 12 consecutive months without the prior written approval of the Lender".  (Deed of Trust, Doc. 12-2, 4) The Lubbecks admit that before RMS called the loan due, the last living borrower, Josephine Lubbeck, did not occupy the Property for 12 consecutive months without prior written approval.  (Disc. Resp., Doc. 12-15, 3—7)  As a result, RMS had the contractual right to require immediate payment in full.[2]

Section 21 of the Deed of Trust states that "[i]f Lender requires immediate payment in full under Paragraph 9, Lender may invoke the power of sale." (Deed of Trust, Doc. 12-2, 7) Section 21 further states that "[a]s permitted by applicable law, Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 21, including, but not limited to, reasonable attorneys' fees." (*Id.*)  RMS argues that this provision entitles it to recover attorneys' fees incurred in defending against the Lubbecks's lawsuit.

"Texas state law governs the interpretation of the Deed of Trust." *In re Velazquez,* 660 F.3d 893, 897 (5th Cir. 2011) (construing a Deed of Trust subject to Texas law).  "The primary concern of a court in construing a written contract is to ascertain the true intent of the parties as expressed in the instrument." *Nat'l Union Fire Ins. Co. of Pittsburgh v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995); *see also In re Velazquez*, 660 F.3d at 897 (quoting *National*

---

[2] In the context of a reverse mortgage, "payment in full" typically involves the sale of the home, with the lender receiving at least some of the proceeds as repayment for the payments to the borrower during the life of the loan. *See* Reverse Mortgages, Federal Trade Commission (June 2015), https://www.consumer.ftc.gov/articles/0192-reverse-mortgages.

*Union*).

In the current matter, the initial question is whether the attorneys' fees that RMS has incurred defending itself against the Lubbecks's lawsuit constitute "expenses incurred in pursuing the remedies" in Section 21—i.e., invoking the power of sale and foreclosing on the property. In one sense, the answer is no, because RMS pursued and secured foreclosure wholly apart from this lawsuit, and this lawsuit did not prevent the foreclosure. At the same time, the Lubbecks filed the lawsuit intending to enjoin the foreclosure, and had they succeeded, RMS would have had to obtain victory in this lawsuit before proceeding with the foreclosure. And although the Lubbecks's lawsuit did not succeed in preventing the foreclosure, it did represent a threat to RMS ensuring that the foreclosure was not disturbed.[3] As a result, the Court finds that the lawsuit required RMS to incur expenses to protect the remedies it possessed under Section 21 of the Deed of Trust. And under that provision, RMS is entitled to recover its reasonable attorneys' fees.[4]

The Lubbecks argue in their Response that because the foreclosure went through, the Note and Deed of Trust ceased to exist and cannot form the basis of RMS's counterclaim. (Response, Doc. 16, 4) But the Deed of Trust grants recovery of attorneys' fees to the party invoking the power of sale, including some expenses that would be incurred post-foreclosure. The provision does not extend solely to the point of foreclosure, but to all expenses reasonably incurred in connection with the foreclosure. As a result, the fact that the foreclosure occurred does not preclude recovery of attorneys' fees in this lawsuit.

---

[3] In Texas, a borrower can obtain a temporary restraining order that automatically stays a foreclosure proceedings by filing suit before 5:00 p.m. on the Monday before the scheduled sale and providing prompt notice to the lender "by any reasonable means necessary to stop the scheduled foreclosure sale." TEX. R. CIV. P. 736.11. The Lubbecks presumably relied on this rule to obtain a TRO enjoining the foreclosure, they but filed suit after the applicable deadline and did not serve the TRO on any party before the foreclosure occurred. (Motion, Doc. 12, ¶ 17; Response, Doc. 16 (not contesting that the TRO was not served before the foreclosure)) The Court does not reach the legal impact of the TRO on the foreclosure, but notes that its existence created a possible defense to the foreclosure.

[4] The Court notes that in an unpublished decision, a Texas court of appeals considering an almost identical provision in a Deed of Trust, in a matter procedurally analogous to the present case, concluded that the contractual language warranted recovery of reasonable attorneys' fees. *See Paternostro v. Reverse Mtg. Sols, Inc.*, No. 05-19-00773-CV, 2020 WL 4581665 at *2—4 (Tex. App.—Dallas Aug. 10, 2020, pet. denied); RMS's Motion for Summary Judgment, Deed of Trust at § 21, *Paternostro v. Reverse Mtg. Sols*, No. cv-18-1113 (59th Dist. Ct., Grayson County, Tex. Mar. 12, 2019).

Having determined that Section 21 of the Deed of Trust entitles RMS to recover its reasonable attorneys' fees, the Court turns to the amount of those fees. RMS requests $14,332.16, submitting billing records that describe the legal services, the hours billed, and the billing rate. (Billing Record, Doc. 12-16, 3—25) In total, that evidence demonstrates that RMS's counsel billed about 55 hours of work, at between $250 and $275 per hour. (*Id.*)

The Lubbecks challenge the requested attorneys' fees as excessive and as caused by RMS's unnecessary litigation tactics, such as delaying the production of discovery and removing the matter to federal court. (Response, Doc. 16, 4—5; Atty Aff., Doc. 16-8, 4) The Lubbecks argue that the Court should award no attorneys' fees or, in the alternative, no more than $2,500. (Atty Aff., Doc. 16-8, 4)

Texas law also controls the Court's evaluation of whether RMS's requested fees are reasonable. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). To determine the reasonableness of attorneys' fees, Texas courts consider eight factors:

(1)   the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2)   the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;

(3)   the fee customarily charged in the locality for similar legal services;

(4)   the amount involved and the results obtained;

(5)   the time limitations imposed by the client or by the circumstances;

(6)   the nature and length of the professional relationship with the client;

(7)   the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8)   whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). Summary judgment is proper when evidence regarding the fee amount is uncontradicted and the attendant circumstances do not cast suspicion regarding the amount. *Ragsdale v. Progressive*

*Voters League,* 801 S.W.2d 880, 882 (Tex. 1990).

The Court finds the requested $14,332.16 in attorneys' fees reasonable and necessary. The Court has reviewed the submitted billing statements, and concludes that RMS's counsel performed reasonable services given the nature of the lawsuit. In addition, based on data from the State Bar of Texas, commercial litigation attorneys in South Texas earn a median of $275 per hour. *2015 Hourly Fact Sheet*, State Bar of Texas Department of Research & Analysis, https://www.texasbar.com/AM/Template.cfm?Section=Archives&Template=/CM/ContentDisplay.cfm&ContentID=34182 (last updated in 2016) (providing the most recent data from the State Bar of Texas). The hourly billing rates of RMS's counsel, at $250 to $275 per hour, fall at or below this average.

The Lubbecks contend that the aggressive litigation tactics by RMS unnecessarily increased its attorneys' fees. The Court concludes, however, that these litigation tactics, accepting them as true for purposes of the motion for summary judgment, do not controvert the reasonableness of the requested attorneys' fees or cast suspicion on the requested amount. For example, the Lubbecks's counsel affies that he offered to dismiss the Lubbecks's claim in June of this year, and that RMS refused the offer and proceeded to file the Motion. (Response, Doc. 16, 4) Assuming the truth of that exchange, the Lubbecks do not claim that they offered to pay RMS's attorneys' fees up to that date. And RMS had no obligation to forego its counterclaim and not proceed with its Motion. In addition, although the Lubbecks argue that RMS refused to exchange discovery informally and required that discovery proceed pursuant to the Federal Rules of Civil Procedure, a party's counsel does not act unreasonably by requiring that discovery proceed under the rules.

The Court concludes that based on the summary judgment record, RMS has conclusively established its entitlement to the attorneys' fees that it requests in its counterclaim.[5]

## III.   Conclusion

---

[5] In light of the Court's ruling as to RMS's contractual entitlement to reasonable attorneys' fees, the Court does not reach whether RMS also would be entitled to those fees as sanctions under Texas law regarding frivolous lawsuits.

As a result, it is:

**ORDERED** that Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (Doc. 12) is **GRANTED**;

**ORDERED** that the Lubbecks's cause of action for breach of contract against Reverse Mortgage Solutions, Inc. is **DISMISSED WITH PREJUDICE**;

**ORDERED** that summary judgment is **GRANTED** in favor of Reverse Mortgage Solutions, Inc. on its counterclaim for reasonable attorneys' fees under the Deed of Trust; and

**ORDERED** that the Lubbecks pay Reverse Mortgage Solutions, Inc. its reasonable attorneys' fees in the amount of $14,332.16.

All other relief not expressly provided is denied.

SIGNED this 9th day of December, 2020.

_____
Fernando Rodriguez, Jr.
United States District Judge